No. 72–1524. ROTH *v.* NEW JERSEY. Super. Ct. N. J. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,*

413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49 (1973); *Kaplan* v. *California*, 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film*, 413 U. S. 123 (1973); *United States* v. *Orito*, 413 U. S. 139 (1973); *Heller* v. *New York*, 413 U. S. 483 (1973); *Roaden* v. *Kentucky*, 413 U. S. 496 (1973); and *Alexander* v. *Virginia*, 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted on charges of possession and sale of allegedly obscene and indecent publications in violation of New Jersey Stat. Ann. § 2A:115-2 (1969), which provides as follows:

> "Any person who, without just cause, utters or exposes to the view or hearing of another, or possesses with intent to utter or expose to the view or hearing of another, any obscene or indecent book, publication, pamphlet, picture, or any mechanical or electronic recording on a record, tape, wire or other device, or other representation however made or any person who shall sell, import, print, publish, loan, give away, or distribute or possess with intent to sell, print, publish, loan, give away, design, prepare, distribute, or offer for sale any obscene or indecent book, publication, pamphlet, picture or other representation, however made, or who in any way advertises the same, or in any manner, whether by recommendation against its use or otherwise, gives any information how or where any of the same may be

had, seen, heard, bought or sold, is guilty of a misdemeanor."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 2A:115–2 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Appellate Division of the Superior Court of New Jersey, and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).